IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARTSRIVER, INC., | No. C 09-0811 CW |
| Plaintiff, | ORDER DENYING PARTSRIVER, INC.'S MOTION TO VACATE JUDGMENT |
| v. | (Docket No. 260) |
| SHOPZILLA, INC.; YAHOO! INC.; EBAY INC.; AND MICROSOFT CORPORATION, | |
| Defendants. | |
| SHOPZILLA, INC.; YAHOO! INC.; AND MICROSOFT CORPORATION, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| PARTSRIVER, INC., | |
| Counterclaim-Defendant. | |

Plaintiff and Counterclaim-Defendant PartsRiver, Inc., moves to vacate the judgment in this action. Defendant eBay, Inc., and Defendants and Counterclaim-Plaintiffs Shopzilla, Inc.; Yahoo! Inc.; and Microsoft Corporation (collectively, Defendants) oppose the motion. The motion was heard on March 17, 2011. Having considered oral argument and the papers submitted by the parties, the Court DENIES PartsRiver's motion.

## BACKGROUND

On October 3, 2007, PartsRiver initiated this action in the Eastern District of Texas, alleging that Defendants infringe its U.S. Patent No. 6,275,821 ('821 patent). In November, 2007,

Defendants moved to transfer the action to this judicial district.

On October 28, 2008, while their motion to transfer was under submission, Defendants filed a request with the U.S. Patent and Trademark Office (PTO) for an ex parte reexamination of the '821 patent.  Specifically, Defendants argued that reexamination of claims 1 and 2 of the '821 patent was necessary because they were anticipated and obvious based on prior art not cited or disclosed previously to the PTO.  On December 22, 2009, the PTO granted Defendants' request for an ex parte reexamination.

On January 30, 2009, the Texas district court granted Defendants' motion to transfer venue.

On May 1, 2009, the PTO issued its first office action on the reexamination, indicating that claims 1 and 2 were subject to rejection based on anticipation by prior art.  On June 18, 2009, the PTO issued a final office action rejecting claims 1 and 2.

Meanwhile, on May 28, 2009, Defendants moved for summary judgment of non-infringement and of invalidity based on the on-sale bar, 35 U.S.C. § 102(b).  On August 21, 2009, the Court granted summary judgment in favor of Defendants, concluding that claims 1 and 2 were invalid based on the on-sale bar.  On September 18, 2009, PartsRiver appealed this decision to the Federal Circuit.

On November 3, 2009, after two failed attempts to amend the '821 patent to avoid the PTO's finding of invalidity based on anticipation, PartsRiver appealed that decision to the Board of Patent Appeals and Interferences (BPAI).  In the PTO's Answer to PartsRiver's appeal, the patent examiner suggested that limiting language PartsRiver added to another claim of the '821 patent, if

2

inserted into claim 1, could save it from invalidity. This amendment would also affect claim 2, which incorporated claim 1. On May 20, 2010, PartsRiver filed amendments to claim 1. In its submission to the PTO, PartsRiver stated,

> Claim 1 is now believed to reflect, albeit explicitly, the legal scope of claim 1 as previously issued. As such, although the text of claim 1 has been altered by amendment, the claim scope is legally identical to that of originally issued claim 1. This change in language has been adopted for the sole purpose of terminating the present reexamination to avoid lengthy appeal proceedings.

Hansen Decl., Ex. C., at 8. On June 24, 2010, the PTO issued, in light of PartsRiver's amendments, a notice of intent to issue a reexamination certificate. On November 2, 2010, the PTO issued a re-examination certificate, stating that claims 1 and 2 were patentable, as amended.

PartsRiver then asked the Federal Circuit to dismiss its appeal as moot because claims 1 and 2, as litigated in this Court, no longer exist. PartsRiver also moved the Federal Circuit to vacate this Court's judgment. Defendants did not oppose PartsRiver's motion to dismiss, but opposed its motion to vacate. The Federal Circuit granted PartsRiver's motion to dismiss its appeal and remanded to this Court the matter of whether judgment should be vacated.

                            DISCUSSION

"When a civil case becomes moot pending appellate adjudication, '[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.'" Arizonans for Official English v.

3

Arizona, 520 U.S. 43, 71 (1997) (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950)). To determine whether vacatur is appropriate, a court considers primarily "whether the party seeking relief from the judgment . . . caused the mootness by voluntary action." U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 24 (1994). For instance, vacatur is required when a controversy is rendered moot through "'happenstance,'" that is, "'due to circumstances unattributable to any of the parties.'" Id. at 23 (quoting Karcher v. May, 484 U.S. 72, 82, 83 (1987)). Vacatur must also "be granted where mootness results from the unilateral action of the party who prevailed in the lower court." U.S. Bancorp, 513 U.S. at 23.

The parties' primary dispute in this motion is whether mootness -- that is, the elimination of claims 1 and 2, as presented in this litigation -- was caused by PartsRiver's voluntary action. PartsRiver maintains that Defendants' request for an ex parte reexamination of the '821 patent led to the amendment of claims 1 and 2. Defendants assert that PartsRiver's actions in the reexamination proceeding were voluntary and, as a result, vacatur is inappropriate.

It is true that Defendants precipitated the reexamination proceedings. However, Defendants' act could not render moot PartsRiver's appeal, which had not yet been taken. Indeed, at the time Defendants petitioned for reexamination, this case was not even before this Court.

By voluntarily amending claims 1 and 2 during reexamination, PartsRiver gave up its right to appeal this Court's judgment. The

4

exercise of PartsRiver's volition can be seen in the positions it took before the PTO, the BPAI and the Federal Circuit. At the beginning of the reexamination, PartsRiver "believed that the '821 Patent was valid as issued." PartsRiver's Reply 4:4. When the examiner rejected PartsRiver's position, PartsRiver appealed to the BPAI. During the pendency of the appeal, PartsRiver changed course and agreed to amend the claims, albeit for the "purpose of terminating the present reexamination to avoid lengthy appeal proceedings" in the BPAI. Defs.' Opp'n Ex. 31, at 7. PartsRiver's appeal to the BPAI was then dismissed. Defendants' reexamination request did not compel PartsRiver to make the strategic decision in May 2010 to amend claims 1 and 2 "to avoid lengthy appeal proceedings." After the reexamination proceedings concluded, PartsRiver could have attempted to pursue its appeal before the Federal Circuit and insisted that its appeal was not moot. It could have asserted, as it did to the examiner, that the amended claims were "legally identical" to claims as published in the original '821 patent. Id. PartsRiver chose not to.

Even though it took action voluntarily, PartsRiver insists that the equities weigh in favor of vacatur, arguing that its amendments were intended to respond to the examiner's rejections, not the Court's summary judgment order. However, PartsRiver knew that, if it made such amendments, it could then attempt to vacate the Court's summary judgment order, as it has. Further, PartsRiver has disavowed any interest in the '821 patent, pointing to its assignment of the patent to Kelora Systems, LLC. Its lack of a stake in the '821 patent weighs against a conclusion that

5

1 PartsRiver will suffer an inequitable result.

2     PartsRiver, by its own acts, circumvented appellate review of 3 the Court's judgment. Thus, vacatur is not appropriate. Dilley v. 4 Gunn, 64 F.3d 1365, 1372 (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, the Court DENIES PartsRiver's motion to vacate the judgment. (Docket No. 260.)

    IT IS SO ORDERED.

Dated: April 21, 2011

CLAUDIA WILKEN
United States District Judge